David Allegrucci (#12611)
***Allegrucci Law Office, PLLC***
307 North Miller Road
Buckeye, AZ. 85326
(623) 412-2330
(623) 878-9807
Attorney for Petitioner(s)/Plaintiff(s)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>HAROLD KLINGER,<br>and<br>PENNY Y. KLINGER,<br><br>Debtor(s). | Case No.: 2-10-bk-17779-RJH<br>In Proceedings Under Chapter 11<br><br>**MOTION TO SET ORAL ARGUMENT ON LIMITED OBJECTION TO ADVERSARY RELIEF AND MEMORANDUM OF LAW IN SUPPORT OF SUCH RELIEF** |
| HAROLD KLINGER,<br>PENNY Y. KLINGER,<br>Plaintiff(s),<br>vs.<br><br>JPMORGAN CHASE BANK, N.A.<br>Defendant(s). | Adv. No. 2-10-ap-01836-RJH |

NOW COMES the Plaintiffs, by and through counsel, who move the Court to set an oral argument on the "Amended Response to Debtor's Complaint to Determine Secured Status of Junior Deed of Trust and for Order to Remove the Same From Realty Interest." The Plaintiffs further offer the Court their legal authority in support of their claim to remove the junior deed of trust from their home prior to the entry of a discharge order in the underlying bankruptcy proceeding.

RESPECTFULLY SUBMITTED this 27th day of December, 2010.

Allegrucci Law Office, PLLC

/s/ David Allegrucci
Attorney for the Plaintiff(s)

**MEMORANDUM**

I. Chapter 11 of the U.S. Bankruptcy Code Does Not Require Liens To Be Retained Until Discharge is Entered on Unsecured Claims.

A. Any Claim Not Solely Secured By A Debtor's Principal Residence Is Freely Modifiable.

> (b) Subject to subsection (a) of this section, a plan may—
> (5) **modify the rights of holders of** secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, **or of holders of unsecured claims**, or leave unaffected the rights of holders of any class of claims; …
> [emphasis added]
> 11 U.S.C. §1123(b)(5)

1. Both parties to this litigation agree that the claim of the Defendant is unsecured. The foregoing statutory language provides no limitation on the modification of unsecured claims.

B. Impaired Claims Are Only Entitled To The Allowed Value of Their Claim.

> (7) With respect to each impaired class of claims or interests—
> (a) each holder of a claim or interest of such class—
> (i) has accepted the plan; or
> (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;…
> 11 U.S.C. §1129(a)(7)

2. The Defendant is only entitled to the value of its unsecured claim in a chapter 7 liquidation proceeding. That sum will be provided the Defendant in the confirmation process. However, the Defendant is not entitled to retain its lien on the Klingers' home until the conclusion of this proceeding which is the nature of the remaining dispute in this litigation. The result is the same for unsecured creditors

pursuant to 11 U.S.C.§1129(16)(b)(2)(B)(i). Unsecured creditors receive the value of their claim not the right to retain other contract rights such as an unsecured lien on realty.

C. Secured Creditors Are Also Only Entitled To The Allowed Amount of Their Claim.

> (A) With respect to a class of secured claims, the plan provides—
> (i)(I) that the holder of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, **to the extent of the allowed amount of such claims**;… [emphasis added]
>
> 11 U.S.C. §1129(16)(b)(2)(A)(i)(I)

3. Secured creditors are only entitled to retain their lien until paid the allowed amount of that claim. There is no provision for unsecured or secured creditors to simply retain their lien on estate property until the conclusion of this proceeding. As an unsecured creditor, the Defendant is only allowed the value of its claim and not to also retain its lien on the Klingers' homestead until the discharge is entered in this proceeding.

II. The Easiest Way To Resolve This Litigation Is To Read The Applicable Language In Chapter 13 Of The U.S. Bankruptcy Code And Note Its Absence In Chapter 11 Of That Same Code.

> (5) with respect to each allowed secured claim provided for by the plan—
> (A) the holder of such claim has accepted this plan;
> (B) (i) the plan provides that—
> (I) the holder of such claim retain the lien securing such claim until the earlier of—
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> (bb) discharge under section 1328; **and**
> (II) if the case under this chapter is dismissed

> or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;…
> [emphasis added]

11 U.S.C. §1325(a)(5)(B)

4. This plan language is the relief the Defendant seeks in this adversary litigation. However, that relief is only available to chapter 13 secured creditors. The absence of similar language in Chapter 11 of the U.S. Bankruptcy Code makes it clear the Defendant is not entitled to such relief in this adversary proceeding.

5. Since the parties herein agree the Defendant has an unsecured claim, its remaining relief in the underlying bankruptcy case is the relief such a class of claims will receive in the confirmed plan of reorganization or in a chapter 7 liquidation proceeding and no more.

WHEREFORE, based upon the foregoing, the Plaintiff(s) pray that this Court:

a) rule that the claim of the Defendant is unsecured;

b) order that the deed of trust held upon the Klingers' homestead be avoided and removed;

c) that the Court order providing the above be allowed to ne recorded in Maricopa County, Arizona;

d) that this Court grant such other and further relief as it deems appropriate.

Allegrucci Law Office, PLLC

/s/ David Allegrucci
Attorney for the Plaintiff(s)

Copy of the foregoing mailed this 28th day of December, 2010 by first class U.S. Mail to the following:

*Tiffany & Bosco, P.A.*
Third Floor
2525 East Camelback Road
Phoenix, AZ 85016
Attn: Leonard McDonald
Attorney for the Defendant(s)

/s/ David Allegrucci